**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 09-cv-00397-REB-MEH

(Consolidated with Civil Action Nos. 09-cv-00398-REB-MEH, 09-cv-00399-REB-MEH, 09-cv-00400-REB-MEH, 09-cv-01064-REB-MEH, 09-cv-01065-REB-MEH, 09-cv-01066-REB-MEH, 09-cv-01067-REB-MEH, 09-cv-02208-REB-MEH, 09-cv-02209-REB-MEH, 09-cv-02210-REB-MEH, and 09-cv-02412-REB-MEH)

JULIE HART,

    Plaintiff,

v.

THE BOEING COMPANY, INC.,

    Defendant.

---

**ORDER DENYING MOTION TO DISMISS**

**Blackburn, J.**

The matter before me is **Defendant The Boeing Company, Inc.'s Motion To Dismiss** [#34] filed June 16, 2009.  I deny the motion.

**I. JURISDICTION**

I have subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (diversity of citizenship).

**II. STANDARD OF REVIEW**

When ruling on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), I must determine whether the allegations of the complaint are sufficient to state a claim within the meaning of Fed.R.Civ.P. 8(a).  I must accept all well-pleaded allegations of the complaint as true.  ***McDonald v. Kinder-Morgan, Inc.***, 287 F.3d 992, 997 (10th Cir.

2002). "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." **Fernandez-Montes v. Allied Pilots Association**, 987 F.2d 278, 284 (5th Cir. 1993); **see also Ruiz v. McDonnell**, 299 F.3d 1173, 1181 (10th Cir. 2002) ("All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true."), **cert. denied**, 123 S.Ct. 1908 (2003). I review the amended complaint to determine whether it "'contains enough facts to state a claim to relief that is plausible on its face.'" **Ridge at Red Hawk, L.L.C. v. Schneider**, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting **Bell Atlantic Corp. v. Twombly**, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)). "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." **Id.** (emphases in original).[1] Nevertheless, the standard

---

[1] **Twombly** rejected and supplanted the "no set of facts" language of **Conley v. Gibson**, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The Tenth Circuit has clarified the meaning of the "plausibility" standard:

> "plausibility" in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible." The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.
>
> This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them. "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."

**Robbins v. Oklahoma**, 519 F.3d 1242, 1247-48 (10th Cir. 2008) (quoting **Twombly**, 127 S.Ct. at 1974; internal citations and footnote omitted).

remains a liberal one, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Dias v. City and County of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (quoting *Twombly*, 127 S.Ct. at 1965) (internal quotation marks omitted).

### III.  ANALYSIS

On December 20, 2008, Continental Airlines Flight 1404 bound for Houston, Texas, veered off the runway during takeoff at Denver International Airport.  The Boeing 737 "careened off the side of the runway, skidded across a taxiway and a service road, landed in a ravine and burst into flames."  Plaintiffs were passengers on that flight. They allege that "the subject aircraft's directional control mechanisms are designed in such a way that make it difficult for pilots in a high crosswind situation to maintain runway heading during takeoff."  They assert claims for negligence and strict products liability related to the design, manufacture, testing, inspection, and sale of the aircraft's directional control and stabilization system.  Defendant maintains that plaintiffs' claims are preempted by the Federal Aviation Act, 49 U.S.C. § 40101 *et seq.* ("FAA" or "the Act"), and, thus, that their failure to allege a violation of a federal duty of care is fatal to their claims.  Because Tenth Circuit precedent is to the contrary, I deny the motion.

By virtue of the Supremacy Clause, **U.S. CONST**., Art. VI, cl. 2, Congress may preempt state laws that impact, either directly or obliquely, a particular field of federal legislation or regulation.  Thus, the touchstone of preemption analysis is congressional intent.  *Schneidewind v. ANR Pipeline Co.*, 485 U.S. 293, 299, 108 S.Ct. 1145, 1150, 99 L.Ed.2d 316 (1988).  Nevertheless, "[c]onsideration of issues arising under the

Supremacy Clause start[s] with the assumption that the historic police powers of the States [are] not to be superseded by . . . the Federal Act unless that [is] the clear and manifest purpose of Congress." ***Cipollone v. Liggett Group, Inc.***, 505 U.S. 504, 516, 112 S.Ct. 2608, 2617, 120 L.Ed.2d 407 (1992) (citation and internal quotation marks omitted; alterations in original).

When Congress provides expressly that a federal statute will have preemptive effect, "the courts' task is an easy one." ***English v. General Electric Co.***, 496 U.S. 72, 78-79, 110 S.Ct. 2270, 2275, 110 L.Ed.2d 65 (1990).  Otherwise, "[i]n the absence of an express congressional command, state law is pre-empted if that law actually conflicts with federal law, or if federal law so thoroughly occupies a legislative field as to make reasonable the inference that Congress left no room for the States to supplement it." ***Cipollone***, 112 S.Ct. at 2617 (citations and internal quotation marks omitted).  "Federal regulations have no less preemptive effect than federal statutes." ***Fidelity Federal Savings & Loan Association v. de la Cuesta***, 458 U.S. 141, 153, 102 S.Ct. 3014, 3022, 73 L.Ed.2d 664 (1982).

In ***Cleveland v. Piper Aircraft Corp.***, 985 F.2d 1438 (10th Cir.), ***cert. denied***, 114 S.Ct. 291 (1993), the Tenth Circuit examined these principles within the context of a state law claim for negligence in the design of an aircraft and concluded that such claims were not impliedly preempted by the FAA.[2]  In reaching this conclusion, the court

---

[2] The plaintiff in ***Cleveland*** had removed the pilot's seat from a Piper aircraft in order to install a camera, so as to film the flight of a glider attached to the aircraft's tail for a television commercial.  During takeoff, the plane hit a car that had been parked on the runway specifically to prevent the flight.  Plaintiff, who was piloting the plane from the rear seat, hit his head on the camera and suffered serious brain injuries.  A jury determined that the plane was negligently designed insofar as it had inadequate forward vision from the rear seat and did not have a rear shoulder harness.  ***See Cleveland***, 985 F.2d at 1440-41.

relied squarely on the FAA's savings clause, which then provided, in relevant part,

> Nothing contained in this Act shall in any way abridge or alter the remedies now existing at common law or by statute, but the provisions of this Act are in addition to such remedies.

*Cleveland*, 985 F.2d at 1442 (quoting 49 U.S.C. App. § 1506, now codified at 49 U.S.C. § 40120(c)).[3] The court concluded that "this section shows that Congress did not intend to occupy the field of airplane safety to the exclusion of the state common law." *Cleveland*, 985 F.2d at 1442 (footnote omitted). Noting that the Supreme Court's then-recent decision in *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 112 S.Ct. 2031, 119 L.Ed.2d 157 (1992), held that "the presence of the savings clause . . . resulted in the states retaining their traditional regulatory powers in this area," *Cleveland*, 985 F.2d at 1443 (footnotes omitted), the court confirmed its ultimate determination that "the savings clause demonstrates the Federal Aviation Act does not preempt state common law," *id.*

In belt-and-suspenders fashion, the court bolstered its analysis by reference to another then-recent Supreme Court decision, *Cipollone v. Liggett Group, Inc.*, 505 U.S. 504, 112 S.Ct. 2608, 120 L.Ed.2d 407 (1992). Relying on the legal maxim *expressio unius est exclusio alterius*, the court interpreted *Cipollone* as holding that "implied preemption is generally inapplicable to a federal statute that contains an express preemption provision." *Cleveland*, 985 F.2d at 1443. Because the FAA "governs two broad areas of congressional concern and contains an express

---

[3] The current version of the savings clause reads simply "[a] remedy under this part is in addition to any other remedies provided by law." 49 U.S.C. § 40120(c). This change was not intended to be substantive. *See* Pub.L. 103-272, 108 Stat 745, 1118 (1994); 14 C.F.R. Pt. 121, App. I, § XI (2006). *See also Drake v. Laboratory Corp. of America Holdings*, 458 F.3d 48, 58 n.9 (2nd Cir. 2006).

5

preemption provision governing one of them – rates and routes," *id.* at 1444 (citing 49 U.S.C. App. § 1305(a), now codified at 49 U.S.C. § 41713(b)(1)),[4] the court concluded that the FAA did not preempt state laws implicating aircraft safety. *Id.*

It is true, as defendants point out, that the Supreme Court's more recent decision in **Geier v. American Honda Motor Co.**, 529 U.S. 861, 120 S.Ct. 1913, 146 L.Ed.2d 914 (2000), has undermined the rationale of **Cleveland** to a large extent. Indeed, **Geier** makes clear that, standing alone, the inclusion in a federal statute of either an express preemption provision or of a saving clause, or both, automatically forecloses the possibility of implied preemption under the same statute. *Id.*, 120 S.Ct. at 1919; **Choate v. Champion Home Builders Co.**, 222 F.3d 788, 794 (10th Cir. 2000). Nevertheless, **Geier** clearly confined its analysis to instances of *conflict* preemption:

> We have just said that the saving clause at least removes tort actions from the scope of the express pre-emption clause. Does it do more? In particular, does it foreclose or limit the operation of ordinary pre-emption principles insofar as those principles instruct us to read statutes as pre-empting state laws (including common-law rules) that "actually conflict" with the statute or federal standards promulgated thereunder? Petitioners concede . . . that the pre-emption provision, by itself, does not foreclose (through negative implication) "any possibility of implied [conflict] pre-emption[.]"
>
> We recognize that, when this Court previously considered the pre-emptive effect of the statute's language, it appeared to leave open the question of how, or the extent to which, the saving clause saves state-law tort actions that conflict with federal regulations promulgated under the Act. We now conclude that the saving clause (like the express

---

[4] The express preemption clause was added pursuant to the Airline Deregulation Act of 1978, Pub.L. No. 95-504, 92 Stat. 1705.

> pre-emption provision) does not bar the ordinary working of
> conflict pre-emption principles.

*Geier*, 120 S.Ct. at 1919 (internal citations omitted).  The Court, therefore, did not address the other branch of implied preemption analysis, namely, whether a federal law is so pervasive as to occupy the field, leaving no room for the operation of state law. *See English*, 110 S.Ct. at 2275.  Yet it is that branch of the implied preemption doctrine that defendant argues is operative in this case.

Moreover, although *Choate* contains language seeming to imply that the same analysis might be relevant to non-conflict implied preemption, ultimately the court did not need to address that issue, since the defendant there had argued only for conflict preemption.  *Choate*, 222 F.3d at 795.  Given that *Geier* clearly confined its analysis for conflict preemption, I cannot say that this vague dicta is sufficient to overcome the precedent of *Cleveland*.  That decision remains viable insofar as it held that

> Congress has not indicated a "clear and manifest" intent to
> occupy the field of airplane safety to the exclusion of state
> common law.  To the contrary, it appears through the
> savings clause that Congress has intended to allow state
> common law to stand side by side with the system of federal
> regulations it has developed.

*Cleveland*, 985 F.2d at 1444.

To be sure, the Tenth Circuit appears to be an outlier in this area of the law, and other federal circuits courts have taken an arguably more nuanced approach to the issue of implied preemption under the FAA.  *See, e.g.*, *Martin v. Midwest Express Holdings, Inc.*, 555 F.3d 806, 809 (9th Cir. 2009) (citing cases).  Yet , regardless whether these opinions are better reasoned and more persuasive from an intellectual

7

standpoint, I do not write on a clean slate, but am bound to follow ***Cleveland***. ***United States v. Austin***, 426 F.3d 1266, 1278 n.4 (10th Cir. 2005), ***cert. denied***, 126 S.Ct. 1385 (2006); ***United States v. Spedalieri***, 910 F.2d 707, 709 & n.2 (10th Cir. 1990). Accordingly, defendant's motion must be denied.

**THEREFORE, IT IS ORDERED** that **Defendant The Boeing Company, Inc.'s Motion To Dismiss** [#34] filed June 16, 2009, is **DENIED**.

Dated November 23, 2009, at Denver, Colorado.

**BY THE COURT:**

/s/ Bob Blackburn
Robert E. Blackburn
United States District Judge