IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 09-cv-00397-REB-MEH
(Consolidated with Civil Action Nos. 09-cv-00398-REB-MEH, 09-cv-00399-REB-MEH, 09-cv-00400-REB-MEH, 09-cv-1064-REB-MEH, 09-cv-1065-REB-MEH, 09-cv-01066-REB-MEH, 09-cv-01067-REB-MEH, 09-cv-02208-REB-MEH, 09-cv-02209-REB-MEH, 09-cv-02210-REB-MEH, 09-cv-02412-REB-MEH, 10-cv-00400-REB-MEH, and 10-cv-00552-REB-MEH)

JULIE HART,

Plaintiff,

v.

THE BOEING COMPANY, INC.,

Defendant.

---

**ORDER DENYING DEFENDANT CONTINENTAL
AIRLINES, INC.'S MOTION TO CONSOLIDATE**

---

**Blackburn, J.**

The matter before me is **Defendant Continental Airlines, Inc.'s Motion To Consolidate and Certificate of Compliance Pursuant to D.C.COLO.LCivR 7.1** [#90], filed April 9, 2010. I deny the motion.

Defendant seeks to fold the negligence claims filed against it in *Warren v. Continental Airlines, Inc.*, 10-cv-00584-REB-MEH, into the products liability actions asserted against The Boeing Company, Inc., in these consolidated cases. The determination whether to consolidate cases is governed by Rule 42(a) of the Federal Rules of Civil Procedure, which provides, pertinently:

> When actions involving a common question of law or fact are

> pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

**FED.R.CIV.P.** 42(a). The purpose of the rule is to allow the court "to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." *Breaux v. American Family Mutual Insurance Co.*, 220 F.R.D. 366, 367 (D. Colo. 2004) (quoting 9 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, **FEDERAL PRACTICE AND PROCEDURE** § 2381 at 427 (2nd ed. 1995)). The decision whether to consolidate cases is committed to the sound discretion of the trial court. *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978).

Defendant has failed to carry its burden to prove that consolidation would promote a just or efficient result in these cases. Although it is true that the *Warren* case arises out of the same airplane accident that forms the basis of the consolidated cases, the similarities end there. Adding unrelated claims against an entirely new defendant[1] is more likely to complicate and confuse the issues in these consolidated cases, rather than promote the goals of expediency and economy for the litigants and the court.

---

[1] The deadline to join parties in the consolidated case expired in September, 2009. (*See* **Scheduling Order** ¶ 8.a. at 8 [#41], filed July 21, 2009.)

**THEREFORE, IT IS ORDERED** that **Defendant Continental Airlines, Inc.'s Motion To Consolidate and Certificate of Compliance Pursuant to D.C.COLO.LCivR 7.1** [#90], filed April 9, 2010, is **DENIED**.

Dated May 7, 2010, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge