IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 09-cv-00397-REB-MEH

(Consolidated with Civil Action Nos. 09-cv-00398-REB-MEH, 09-cv-00399-REB-MEH, 09-cv-00400-REB-MEH, 09-cv-01064-REB-MEH,09-cv-01065-REB-MEH, 09-cv-01066-REB-MEH, 09-cv-01067-REB-MEH, 09-cv-02208-REB-MEH, 09-cv-02209-REB-MEH, 09-cv-02210-REB-MEH, 09-cv-02412-REB-MEH, 10-cv-00400-REB-MEH, and 10-cv-00552-REB-MEH)

JULIE HART,

    Plaintiff,

v.

THE BOEING COMPANY, INC.,

    Defendant.

---

## ORDER GRANTING DEFENDANT'S MOTION TO CERTIFY FOR INTERLOCUTORY APPEAL

**Blackburn, J.**

The matter before me is **Defendant The Boeing Company, Inc.'s Motion to Certify Order Denying Motion to Dismiss For Interlocutory Appeal** [#56], filed December 3, 2009. I grant the motion.

### I. JURISDICTION

I have subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (diversity of citizenship).

### II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1292(b), a district judge has discretion to certify an issue as final for appeal where exceptional circumstances exist. ***Swint v. Chambers County***

*Commission*, 514 U.S. 35, 47, 115 S.Ct. 1203, 1210, 131 L.Ed.2d 60 (1995); *Carpenter v. Boeing Co.*, 456 F.3d 1183, 1189 (10th Cir. 2006). Such interlocutory appeals generally are disfavored, and should only be granted where protracted time and expense can be avoided by an immediate and final decision as to a controlling question of law. *Boellstorff v. State Farm Mut. Auto. Ins. Co.*, 2007 WL 552247 at *3 (D. Colo. Feb. 20, 2007). Nevertheless, certification is appropriate if the court finds that (1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion as to that question; and (3) an immediate appeal to determine the issue may materially advance the ultimate termination of the litigation. *See* 28 U.S.C. § 1292(b); *In re Grand Jury Proceedings June 1991*, 767 F.Supp. 222, 223 (D. Colo. 1991).

### III. ANALYSIS

Defendant seeks to certify my **Order Denying Motion To Dismiss** [#55], filed November 23, 2009, for interlocutory appeal. Therein, I determined that the Tenth Circuit's decision in *Cleveland v. Piper Aircraft Corp.*, 985 F.2d 1438 (10th Cir. 1993), remains binding authority in this circuit and thus precludes defendant from arguing that plaintiff's negligence and strict liability claims are preempted by the Federal Aviation Act, 49 U.S.C. § 40101, *et seq.* ("FAA" or "the Act"). Defendant maintains, as it did in connection with its motion to dismiss, that the Supreme Court's subsequent decisions in *Freightliner Corp. v. Myrick*, 514 U.S. 280, 115 S.Ct. 1483, 131 L.Ed.2d 385 (1995), and *Geier v. American Honda Motor Co.*, 529 U.S. 861, 120 S.Ct. 1913, 146 L.Ed.2d 914 (2000), have undermined and superseded *Cleveland*. Given the split of authority

2

that exists between the Tenth Circuit and its brethren regarding the FAA's preemptive effect on claims such as those asserted in this lawsuit, defendant argues that certification of an interlocutory appeal is appropriate. After analyzing the relevant factors, I agree, and, therefore, grant the motion.

It is clear that this case involves a controlling question of law. A controlling question of law is one that, without consideration of factual circumstances, "if resolved differently, would entitle a party to judgment [and] obviate the need for further proceedings in the case." **Boellstorff**, 2007 WL 552247 at *2 (citing **American Airlines, Inc. v. United States**, 71 Fed. Cl. 744, 746 (Fed. Cl. 2006)). Preemption is quintessentially such an issue. **See Levine v. United Healthcare Corp.**, 285 F. Supp. 2d 552, 557, 565 (D.N.J. 2003).[1] Thus, the first element required for certification is satisfied.

As to the second element, I find and conclude that substantial ground for difference of opinion exists as to the preemptive reach of the FAA. Plaintiffs maintain that this element is not met because **Cleveland** remains "settled [] controlling authority" in this circuit. **Caraballo-Seda v. Municipality of Hurmingueras**, 395 F.3d 7, 8 (1st Cir. 2005); **see also Boellstorff**, 2007 WL 552247, at *3 (certification improper if precedent is "clear and controlling"). This assertion is only half true, however. Although **Cleveland** remains controlling, as I previously found, it clearly is not settled in light of both the subsequent Supreme Court precedents which arguably undermine it and the

---

[1] Defendant's assertion that the Supreme Court likely intends for implied and conflict preemption to be determined using the same approach is attenuated and ignores the express holding of **Geier**, which was limited to the issue of conflict preemption, a fact I particularly noted in my order. (**See Order Denying Motion To Dismiss** at 6-7 (quoting **Geier**, 120 S.Ct. at 1919).)

3

split of authority that has developed between federal courts as to this issue. (**See Order Denying Motion To Dismiss** at 7 [#55], filed November 23, 2009 ("To be sure, the Tenth Circuit appears to be an outlier in this area of the law, and other federal circuits courts have taken an arguably more nuanced approach to the issue of implied preemption under the FAA.") (citing **Martin v. Midwest Express Holdings, Inc.**, 555 F.3d 806, 809 (9th Cir. 2009)).) When prior precedents only "potentially indicat[e] the correct outcome," then "it is clear that there is room for reasonable debate." **Boellstorff**, 2007 WL 552247 at *3. The existence of a split between the federal courts as to the effect of Supreme Court decisions that post-date the Tenth Circuit's holding on an issue as complex, controversial, and pivotal as preemption under the FAA supports a conclusion that there are substantial grounds for difference of opinion in this area. **Florence v. Board of Chosen Freeholders of Burlington**, 657 F.Supp.2d 504, 509 (D.N.J. 2009); **Levine v. United Healthcare Corp.**, 285 F.Supp. 552, 565-66 (D.N.J. 2003). Thus, I conclude that the second element of section 1292(b) is satisfied.

Finally, resolution of this threshold issue will materially advance the termination of this litigation. Plaintiffs' arguments to the contrary are without merit. A finding of preemption would extinguish plaintiffs' state law claims. Although they obviously could recast their claims as violations of federal airplane safety regulations in a new action, such a potential future eventuality does not undermine the determination that a finding of preemption would terminate, fully and finally, this lawsuit. No more is required to satisfy this element of section 1292(b). **See Shire LLC v. Sandoz Inc.**, 2008 WL 5120728 at *2 (D. Colo. Dec, 5, 2008).

Thus, having considered carefully all factors relevant to certification of a final order under 28 U.S.C. § 1292(b), I conclude and determine expressly that all elements of section1292(b) are satisfied and that my **Order Denying Motion To Dismiss** [#55], filed November 23, 2009, should be certified as final for interlocutory appeal. *See Swint*, 115 S.Ct. at 1209-10; ***Stockman's Water Co., LLC v. Vaca Partners, L.P.***, 425 F.3d 1263, 1265 (10th Cir. 2005). There is no just reason to delay possible appellate review of my order concerning this discreet, disputed, and possibly dispositive issue of law.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Defendant The Boeing Company, Inc.'s Motion To Certify Order Denying Motion To Dismiss For Interlocutory Appeal** [#56], filed December 3, 2009, is **GRANTED**;

2. That this Order is expressly **MADE FINAL** pursuant to 28 U.S.C. § 1292(b), there being no just reason for delay;

3. That this action shall is **STAYED** until either the time for defendant to file an interlocutory appeal under 28 U.S.C. § 1292(b) expires or the Tenth Circuit finally disposes of any such appeal;

4. That the parties **SHALL FILE** a status report with the court every **sixty (60) days** from the date of this order, informing the court as to the progress of appeal, and **SHALL NOTIFY** the court within **eleven (11) days** of the Tenth Circuit's ultimate determination of the preemption issue, including copies of any pertinent orders.

5

Dated June 28, 2010, at Denver, Colorado.

BY THE COURT:

/s/ Robert E. Blackburn
Robert E. Blackburn
United States District Judge